## Moore *v.* Phillips, Appellant.

*Affidavit of defence—Evasive averment—Appearance by counsel.*

In an action on a foreign judgment where the record of the judgment shows an appearance for defendant, an averment in the affidavit of defence that "if an appearance was entered by Herbert F. Oddy for your deponent, your deponent had no knowledge of it whatsoever," is evasive. Defendant might have authorized the attorney to enter such an appearance, and yet have had no actual knowledge that it had been done.

Argued Jan. 3, 1893. Appeal, No. 314, Jan. T., 1893, by defendant, Marshall A. Phillips, from order of C. P. No. 2, Phila. Co., Dec. T., 1891, No. 538, entering judgment in favor of plaintiff, Alfred William Moore, for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit on judgment entered in the High Court of Justice, Queen's Bench Division, in London. Rule for judgment for want of sufficient affidavit of defence.

The affidavit of defence averred that deponent had been visiting London, and whilst there resided temporarily at 139 Hopton road; that on March 15, 1891, deponent gave up his temporary residence on Hopton road, and sailed for New York, reaching home on or about March 23, 1891; that deponent is informed and believes that a copy of an alleged writ of summons from the High Court of Justice in England, Queen's Bench Division, in an action brought by one Alfred William

Moore against deponent, was sent on April 13, 1891, by mail, in a letter addressed to deponent at his said former temporary residence at No. 139 Hopton road, London, as aforesaid; that no other writ was ever issued, and no other service of any summons in above case was ever made, " and if an appearance was entered by Herbert F. Oddy for your deponent, your deponent had no knowledge of it whatsoever."

Rule for judgment for want of sufficient affidavit of defence made absolute. Defendant appealed.

*Error assigned* was order of court as above.

*Charles Penrose Blight, Richard Wistar Harvey* with him, for appellant, cited : 1 Greenleaf, Ev. § 541 ; Story Conf. L. §§ 584–586 ; 2 Kent Com., note 120 ; Rose v. Himely, 4 Cranch, 269 ; Church v. Hubbart, 2 Cranch, 228 ; Lazier v. Westcott, 26 N. Y. 146 ; Capling v. Herman, 17 Mich. 524 ; Packard v. Hill, 7 Cowen, 434 ; Van Storch v. Griffin, 71 Pa. 240 ; Ashmead v. Wilson, 22 Fla. 255 ; Susquehanna R. R. v. Quick, 68 Pa. 189 ; Crone v. Dawson, 1 West. R. 689 ; 1 Greenleaf, Ev. 511 ; Livingston v. White, 30 Barb. 72 ; Higgins v. Reed, 8 Iowa, 298 ; Pfaelzer v. Drexel & Co., 11 W. N. 480 ; Pennoyer v. Neff, 95 U. S. 714 ; Freeman v. Alderson, 119 U. S. 185 ; Hollingsworth v. Barbour, 4 Peters, 466 ; D'Arcy v. Ketchum, 11 Howard, 165 ; Amburgh v. Exchange Bank, 33 Kansas, 100 ; Sewing Machine Co. v. Radcliffe, 30 Am. L. Reg. 287, April, 1891 ; Shick v. Goenner, 21 W. N. 63 ; Goldbeck v. Brady, 44 Leg. Int. 421 ; Warner v. R. R., 48 Leg. Int. 338.

*Francis Rawle, Sydney G. Fisher* with him, for appellee, cited : Grant v. Easton, L. R. 13 Q. B. 302 ; Leake on Contracts, 106 ; Louisiana v. Mayor of New Orleans, 109 U. S. 568 ; Black on Judgments, 823 ; Hilton v. Guyott, 42 Fed. R. 249 ; Marsh v. Marshall, 53 Pa. 399 ; Weeks on Attorney, 342 ; Wetherill v. Stillman, 65 Pa. 105 ; Piggott on Foreign Judgments, 54 ; Mink v. Shaffer, 124 Pa. 280.

PER CURIAM, January 16, 1893 :

We think judgment was properly entered for want of a suffi-

cient affidavit of defence. The averment in the affidavit that, " if an appearance was entered by Herbert F. Oddy for your deponent, your deponent had no knowledge of it whatsoever," is evasive. The defendant does not deny, as he should have done, if the fact be so, that he had not authorized the attorney to enter an appearance for him. He might have authorized him to enter such an appearance, and yet have no actual knowledge that it had been done.

Judgment affirmed.