## Morrow Seed Company, Ltd., v. Rowe.

*R. T. McSorley*, for plaintiff; *S. W. Cooper*, for defendant.

GORDON, JR., J., Nov. 28, 1930.—This case is before us upon an affidavit of defense raising a question of law. The plaintiff brought suit against the defendant in the Supreme Court of Ontario, Canada, and recovered a judgment in that case. It then sued the defendant here upon the judgment secured in Canada. The statement of claim sets forth the recovery of the judgment in Canada and incorporates in it a copy of the record of the Canadian court. The record discloses that service of process in the Canadian case was made by service of a notice, under a rule of that court, upon the defendant in the City of Philadelphia. The affidavit of defense raises the question as to whether the judgment secured in Canada is valid and can be sued upon in this jurisdiction. Although judgments obtained in foreign jurisdictions may be sued upon here, if the foreign court had jurisdiction of the defendant: Messier *v.* Amery, 1 Yeates, 533; it is well settled that the processes of a court have no effect beyond its territorial jurisdiction and that process issued in one sovereignty and served in another does not in itself subject the person served to the jurisdiction of the first sovereignty, unless he recognizes the process and appears in person or by counsel in the case: 34 Corpus Juris, 1168, § 1656, and note 69 [d], page 1169.

To avoid this rule, the defendant relies upon the case of Moore *v.* Phillips, 154 Pa. 204. In that case suit was brought here upon a judgment recovered in London against a defendant who was served in this country with process issued out of the British court. The affidavit of defense filed in that case was held insufficient to prevent judgment, not because the service in the London case subjected the defendant to the jurisdiction of the British court, but because an appearance for the defendant was entered in the London case by a solicitor, and the affidavit of defense merely denied that the appearance was entered with the knowledge of the defendant. The Supreme Court held that, as the defendant had not averred that the appearance was entered without his authority and consent, it was insufficient merely to deny knowledge of the entry of appearance by the British solicitor, for the defendant might have authorized the solicitor to appear for him but have had no knowledge of his having done so. That case is, therefore, distinguishable from the one before us..

The affidavit of defense raising questions of law is, therefore, adjudged sufficient, and judgment is entered in favor of the defendant.